**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>         Plaintiff, <br> vs. <br> ENRIQUE MURILLO-ZARATE, <br>         Defendant. | 2:14-cr-00062-HDM-GWF <br><br> ORDER |

Presently before the court is petitioner Enrique Murillo-Zarate's ("petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 54). The government has filed a response (ECF No. 57) and petitioner has filed a reply (ECF No. 58).

Petitioner was deported from the United States to Mexico in 2012 after completing a 24-month sentence imposed by the Central District of California for conspiracy to distribute and possess with intent to distribute cocaine. In 2013, petitioner was arrested in Las Vegas for possession of cocaine, obstructing a police officer, and escape. In March 2015, petitioner pleaded guilty to an indictment charging him with being a deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326. On October 6, 2015, this court

1

sentenced petitioner to 57 months imprisonment and entered judgment on October 6, 2015. Petitioner filed the instant motion on July 3, 2017.

Petitioner raises only one claim for relief. He alleges that his counsel rendered ineffective assistance by not pursuing a plea agreement. Specifically, petitioner alleges that his counsel failed to seek a fast-track plea agreement after petitioner expressed his interest in pursuing one. The court finds that petitioner's claim lacks merit and denies the motion for the following reasons. Additionally, the court denies the request for an evidentiary hearing because the record before the court "conclusively shows" that petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978).

**Discussion**

*Legal standard*

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.E.d.2d

109 (1974) (*quoting Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

*Ineffective assistance of counsel*

The Sixth Amendment to the United States Constitution "guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotation marks omitted). A federal petitioner's claim that he was denied effective assistance of counsel is measured by the standard set out in *Strickland v. Washington*. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must establish that: (1) his counsel's performance was deficient; and (2) the deficiency prejudiced his defense. *Id*. at 692.

Ineffective assistance of counsel requires that the petitioner show that his counsel's performance fell below an objective standard of reasonableness and a "reasonable probability" that the performance prejudiced his defense. *Id*. at 687-94. "A court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotation marks omitted). To establish that the performance was prejudicial, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The court need not conduct an evidentiary hearing where "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In

3

other words, an evidentiary hearing is only need if "accepting the truth of [defendant's] factual allegations, he could have prevailed on an ineffective assistance claim." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

Petitioner contends he was denied effective assistance of counsel in violation of the Sixth Amendment because he requested that his attorney "seek a plea offer under the 'fast-track' program" for his illegal reentry charge and his attorney responded that "not everyone gets the fast-track" (ECF No. 54). The government responds that petitioner cannot establish prejudice necessary to prevail on his ineffective assistance of counsel claim because he has not shown how the result of the proceeding would be different had his attorney attempted to obtain a fast-track disposition through plea negotiations. The court finds the government's argument persuasive.

The fast-track program does not create any prospective substantive or procedural rights for defendants. *See, e.g.,* Deputy Attorney General James M. Cole, Department Policy on Early Disposition or "Fast-Track" Programs, WL 6620439, January 31, 2012. Furthermore, the decision to implement any fast-track consideration lies solely within the prosecutor's discretion. *United States v. Reyes-Hernandez*, 624 F.3d 405, 421-22 (7th Cir. 2010). The record establishes the government did not file a motion for a downward departure based on petitioner's eligibility for a fast-track program.

The court therefore finds petitioner's attorney's assistance was reasonable considering all the circumstances and did not prejudice the result of the proceeding. The court further finds petitioner's claim that his attorney provided ineffective assistance in violation of his Sixth Amendment rights is without merit.

4

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Enrique Murillo-Zarate's motion pursuant to 28 U.S.C. § 2255 (ECF No. 54) be, and the same hereby is, DENIED.

DATED: This 12th day of October, 2017.

*Howard D McKibben*
UNITED STATES DISTRICT JUDGE